## GOTSHALL v INDUSTRIAL COMM

Ohio Appeals, 5th Dist, Stark Co

No 1331.   Decided Feb 8, 1933

H. H. Emmons, Canton, for plaintiff in error.

Black, McCuskey, Ruff & Souers, Canton, for defendant in error.

324

## OPINION

By SHERICK, J.

It is the claim of the Commission that there is no issue in this case to which these requests would be responsive, and further that there is no evidence in this case connecting this cancerous condition with the injury received, and that the law as embodied in these two requests is not sound.

As previously pointed out, we do find that there is medical testimony in this record directly to the point that the cancerous condition was superinduced by the injury sustained, that is, that the decedent had a potentiality for this disease and that the injury weakened the back in the region of the eleventh and twelfth vertebrae and thereby caused it to become a fertile field in which cancerous cells might and did spread.

If the charges embody a correct statement of the law, then to our notion there can be no question that the evidence presented a proper issue in this case.

The case of **Weaver v The Industrial Commission of Ohio, 125 Oh St 465,** approves of a requested charge therein. It reads as follows:

"Defendant requests that the court charge the jury that not only must the injury arise out of and be connected with the employment but that the death must appear to be the proximate result of the injury, or if there was an acceleration of death that that acceleration must be the proximate result of the injury."

From this approved charge it is apparent that the court recognizes that there is an alternative in such cases. In other words, it must be shown that death was the proximate result of the injury, or if there was an acceleration of death that that acceleration was the proximate result of the injury. The law recognizes that all employees are not inherently sound and that certain of us may actively break forth when one is injured; that is, break down the system's

resistance to the point that the disease manifests itself. One may die as the result primarily of a disease, but the proximate causation of that disease may be the injury received. That is the situation developed in this case.

We find almost the same language as is embodied in the first charge approved of in the case of the **Industrial Commission v Bowshier, 41 Oh Ap 79 (11 ABS 244).** The trial court therein said:

"Now I charge you that if you find from the facts and circumstances in evidence, and by a preponderance thereof, that the injury sustained by the deceased on the 7th of September, 1928, and characterized as a hernia, aggravated or accelerated, activated the pre-existing disease, or pre-existing physical condition of the decedent, directly or proximately caused such aggravation, acceleration, if such you find, and that the aggravation or acceleration, if any you find, directly and proximately resulted in the death of the decedent, then in such event your verdict should be for the plaintiff."

From the authorities and reasons, we are of opinion that these charges correctly stated the law applicable to the issue made in this case. The rule of **Chesrown v Bevier, 101 Oh St 282** is applicable.

It is further our opinion that Request No. 2 is practically a restatement of Request No. 1 and that the trial court would have been warranted in the giving of one request to have refused the other, but we do hold that it was reversible error upon the part of the court in its refusal to give one or the other.

We have examined the other errors complained of, in brief, and are not satisfied that the contentions made are sound. The cause will be reversed and remanded for new trial.

GARVER, PJ, and LEMERT, J, concur.